## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAREY E. SEGER and TWILA SEGER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| LIBERTY MUTUAL INSURANCE, | ) ) | |
| Intervenor, | ) ) | 8:08CV75 |
| vs. | ) ) | ORDER |
| ERNEST-SPENCER METALS, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Intervene (Filing No. 11) filed by Liberty Mutual Insurance (Liberty Mutual), Ernest-Spencer Metals, Inc.'s (Ernest-Spencer) Motion to Add Valmont Industries, Inc. (Valmont) as a Party Plaintiff (Filing No. 17), and Ernest-Spencer's Motion for Leave to File Supplemental Reply to Plaintiffs' Opposition to Defendant's Motion to Add Valmont Industries, Inc. (Filing No. 25).[1] Attached to Ernest-Spencer's motion for leave is the supplemental reply brief (Filing No. 25, Ex. 1 - Supplemental Reply), and a supplemental index of evidence (Filing No. 25, Ex. 2 - Index). Ernest-Spencer's motion for leave is granted and the supplemental reply brief is considered *instanter*. The motions have been fully briefed.

## BACKGROUND

This case arises from injuries Garey Seger sustained while working at Valmont's galvanizing facility. **See** Filing No. 1 - Ex. 1 - Complaint ¶ 5, 6. The following is a summary of the plaintiff's allegations from the complaint. Garey Seger worked as a paddle operator who used a metal paddle to skim ash off the top of a molten zinc bath at the end of the galvanization process. *Id.* ¶ 5. A beam fabricated, manufactured and/or designed by

---

[1]As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

Ernest-Spencer was dipped into the galvanizing kettle where Garey Seger was working. *Id.* ¶¶ 3, 6.  When Garey Seger attempted to perform the skimming, the molten zinc unexpectedly flowed over the kettle causing third degree burns over 60% of Garey Seger's body.  *Id.* ¶¶ 6, 7.  Additionally, Garey Seger suffered amputation of his left foot and part of his right, loss of fingers, multiple strokes, and a heart attack due to the accident.  *Id.* ¶ 7.

Based on these facts, the plaintiffs allege Ernest-Spencer failed to use reasonable care to ensure the beam was safe for its intended use, causing Garey Seger's injuries (Claim I).  *Id.* at p. 3.  Additionally, the plaintiffs claim Ernest-Spencer negligently failed to provide adequate warning (Claim II) and is strictly liable as a manufacturer or supplier (Claim III).  *Id.* at p. 4.  Twila Seger claims loss of consortium (Claim IV).  *Id.* at p. 5.  Ernest-Spencer denies the beam was dangerous and denies liability with regard to the plaintiffs' allegations.  **See** Filing No. 9 - [Answer](Answer).  Further, Ernest-Spencer alleges the affirmative defense that the plaintiffs failed to join a necessary party.  *Id.* ¶ 36.

On January 16, 2008, the plaintiffs filed this complaint, in the District Court of Douglas County, Nebraska.  **See** Filing No. 1 - Ex. 1 - [Complaint](Complaint) at p. 1.  On February 15, 2008, the defendant removed the action to the United States District Court for the District of Nebraska.  **See** Filing No. 1 - [Notice of Removal](Notice of Removal).  The matter has not yet been scheduled for trial, however on May 15, 2008, the court set deadlines for each party to move to add parties.  **See** [Filing No. 15](Filing No. 15).  The deadlines have not yet expired.

The motions before the court are interrelated.  Ernest-Spencer seeks to have Garey Seger's employer, Valmont, added as a party plaintiff.  Ernest-Spencer argues Valmont is a necessary party under Nebraska statute because Valmont paid workers' compensation benefits to Garey Seger for his injuries.  The plaintiffs resist adding Valmont, but support the addition of Liberty Mutual as an intervenor.  Liberty Mutual, who was Valmont's workers' compensation insurer, seeks permissive intervention based on its payment of and responsibility for Garey Seger's workers' compensation benefits.  Ernest-Spencer opposes the addition of Liberty Mutual because, Ernest-Spencer argues, Liberty Mutual does not have a legal subrogation interest under Nebraska statute.

In connection with the instant motions, Valmont has not entered an appearance for the record or participated in briefing.  However, in support of their positions, the plaintiffs

filed the affidavit of Andrew Massey, corporate counsel for Valmont. **See** Filing No. 23 Attach. - Massey Affidavit ¶ 1. In relevant part, the affidavit states:

> 5. Because of the self-insured retention under the Liberty Mutual policy, Valmont paid the first $300,000 of worker's compensation benefits. After Valmont exhausted its self-insured retention, Liberty Mutual became responsible for further benefits to Seger and Havekost under the provisions of its policy. Valmont would make the payments and they would be reimbursed by Liberty Mutual.
> 6. Prior to the filing of this action, Valmont reached an agreement with Seger for reimbursement of the worker's compensation benefits paid directly by Valmont from any recovery realized by Seger from any third party claim. The agreement with Seger resolved only Valmont's interests and did not in any way effect any subrogation rights of Liberty Mutual.
> 7. Although Valmont was given timely notice of Seger's intention to file this action, it elected not to join in the prosecution of this claim, but instead made separate arrangements as previously indicated. Valmont opposed Defendant's Motion to add Valmont as a party plaintiff. The burdens and costs associated with being a part to a lawsuit should not, therefore, involuntarily be imposed upon Valmont.

*Id.*

## ANALYSIS

**A.   Liberty Mutual's Motion to Intervene**

Liberty Mutual filed a brief (Filing No. 12) in support of intervention. Ernest-Spencer filed a brief (Filing No. 18) in opposition to intervention. The plaintiffs did not participate in the briefing of this motion.

Liberty Mutual states Garey Seger received workers' compensation benefits for his injuries from Valmont and Liberty Mutual, Valmont's workers' compensation insurer. **See** Filing No. 11 - Motion ¶ 7. Liberty Mutual continues to pay workers' compensation benefits to Garey Seger for the same injuries Garey Seger seeks recovery in this case. **See** *id.* ¶¶ 6, 7. Under the insurance policy between Liberty Mutual and Valmont, Valmont had a self-insured retention of $300,000, and paid the first $300,000 to Garey Seger. **See** Filing No. 23 Attach. - Massey Affidavit ¶ 5. Liberty Mutual then became responsible for paying

further benefits to Garey Seger under the provisions of the policy. *Id.* Accordingly, Liberty Mutual asserts that under Neb. Rev. Stat. § 48-118, it has a subrogation interest in any recovery Garey Seger makes against Ernest-Spencer and must be permitted to intervene pursuant to Fed. R. Civ. P 24(a)(2). In addition to this interest in the lawsuit, Liberty Mutual argues that without intervention Liberty Mutual's interest is impaired. Finally, the intervention would not destroy the court's diversity jurisdiction.

Ernest-Spencer opposes Liberty Mutual's intervention. Ernest-Spencer argues Valmont, rather Liberty Mutual, must be made party to this suit under the plain language of the Nebraska statute. Further, Ernest-Spencer argues Neb. Rev. Stat. § 48-118 provides no substantive right for a workers' compensation insurer to intervene. **See** Filing No. 18 - Brief pp. 1, 5. However, in Ernest-Spencer's Reply to Plaintiff''s Opposition to Defendant's Motion to Add Valmont Industries, Ernest-Spencer "does not contest that the employer or workers' compensation insurer can bring a suit or join in an existing suit." **See** Filing No. 24 - Reply Brief p. 3.

As a threshold matter, an applicant for intervention must show it has Article III standing to intervene in a federal law suit. *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999); **see** *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability. *Sprint Commc'ns Co., L.P. v. APCC Servs, Inc.*, 128 S. Ct. 2531, 2535 (2008); **see also** *Mausolf v. Babbitt*, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (finding the movant "alleged concrete, imminent, and redressable injuries in fact" where movant would suffer identifiable injury if restrictions challenged in the action were removed).

Under Rule 24(a), on timely motion, the court must permit anyone to intervene who:
> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

4

Fed. R. Civ. P. 24(a)(2). The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (**quoting** *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)).

As an initial matter, the court finds Liberty Mutual demonstrates it has Article III standing to participate in this action by virtue of the claims alleged in the Motion to Intervene. "A subrogation interest is acquired by *paying* benefits to an injured employee. . . . Section 48-118 . . . provid[es] an employer or insurer with the means to recover at least a portion of its payout." *Burns v. Nielsen*, 732 N.W.2d 640, 649 (Neb. 2007) (emphasis in original). Here, Liberty Mutual has a concrete and identifiable financial interest as a party who has paid and continues to pay workers' compensation benefits to Garey Seger as required by Neb. Rev. Stat. § 48-101 and an insurance agreement. Pursuant to Neb. Rev. Stat. § 48-118 and Neb. Rev. Stat. § 48-118.01, in the event of recovery by Garey Seger against Ernest-Spencer, Liberty Mutual has a subrogation interest for workers' compensation benefits it paid to Garey Seger. **See** *Jackson v. Branick Indus., Inc.*, 581 N.W.2d 53, 57 (Neb. 1998) (applying Neb. Rev. Stat. § 48-118 equally to employer or its insurer). The court will evaluate the remaining requirements for intervention below.

### 1. Timeliness

"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158-59 (8th Cir. 1995). "Among the considerations that bear on the question of timeliness are how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action." *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995).

In this case, litigation had just began. Ernest-Spencer removed the action on February 15, 2008, and Liberty Mutual filed the motion to intervene on May 13, 2008. Liberty Mutual's delay in filing the motion to intervene was non-existent. The court filed the

Order Setting the Schedule for Initial Progression (Filing No. 15) on May 21, 2008, and the deadlines for adding parties has not yet expired. The likelihood of unfair prejudice to the current parties in the action is minimal, if any. No party asserts the motion was untimely. For these reasons, the court finds Liberty Mutual's motion to intervene is timely.

### 2.     Recognized Interest

An applicant for intervention must show "a recognized interest in the subject matter of the litigation." *Medical Liab. Mut.*, 485 F.3d at 1008. Such interest must be "'direct,' as opposed to tangential or collateral. Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'" *Union Elec. Co.*, 64 F.3d at 1161. The court finds Liberty Mutual has a direct, substantial, and legally protectable interest in the subject matter of the litigation. Liberty Mutual is paying workers' compensation to Valmont who is paying Garey Seger. If Garey Seger recovers from Ernest-Spencer, Liberty Mutual may have an subrogation interest in Garey Seger's recovery. Liberty Mutual's interest is recognized by Nebraska statutes.

### 3.     Interest Impaired by Disposition

The third showing an applicant for intervention must make is that the disposition of the case without the intervenor may impair the intervenor's interest. *Medical Liability Mut.*, 485 F.3d at 1008. Rule 24(a) "does not require, after all, that [applicants for intervention] demonstrate to a certainty that their interests *will* be impaired in the ongoing action. It requires only that they show that the disposition of the action '*may* as a practical matter' impair their interests." *Union Elec. Co.*, 64 F.3d at 1162 (**quoting** *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.*, 738 F.2d 82, 84 (8th Cir. 1984) (emphasis in original)). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (citations and internal quotation marks omitted).

Liberty Mutual and the plaintiffs have similar interests in this case. However, their interests diverge with respect to past benefits. Further, Liberty Mutual seeks the benefit of participating in the process, that is to have "an equal voice in the claim and the

prosecution of the suit." Neb. Rev. Stat. § 48-118.01. If Liberty Mutual does not participate in this suit, under Neb. Rev. Stat. § 48-118.02, Liberty Mutual waives certain rights or claims for recovery of the workers' compensation benefits paid to Seger. Neb. Rev. Stat. § 48-118.02 states:

> If either party after receiving notice under section 48-118.01 fails, by and through his or her attorney, to join in the third-party claim or suit, such party waives any and all claims or causes of action for improper prosecution of the third-party suit or inadequacy of a settlement made in accordance with section 48-118.04.

Neb. Rev. Stat. § 48-118.02. The court finds resolution of the subject matter of this case without Liberty Mutual, may, as a practical matter, impair Liberty Mutual's subrogation interest.

### 4. Existing Parties

Finally, Liberty Mutual must show its "interest will not be adequately protected by the existing parties." *Medical Liability Mut.*, 485 F.3d at 1008. The court must determine whether representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992) ("Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action."). "A party generally need only make a minimal showing that representation may be inadequate to be entitled to intervene . . . ." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (internal citations and quotations omitted). To show inadequate representation, a movant "may show that its interests are distinct." *Id.* Liberty Mutual argues the fact that the state statute recognizes a need for the employer (or its insurer) to intervene is evidence the interests of the parties are distinct, hence the necessity for intervention. The court finds Liberty Mutual does identify interests distinct from those propounded by the plaintiffs.

In sum, the court finds Neb. Rev. Stat. § 48-118 and Neb. Rev. Stat. § 48-118.01 do not prohibit Liberty Mutual from joining this action. Additionally, as the workers'

compensation insurer responsible for the benefits to Garey Seger, the court finds Neb. Rev. Stat. § 48-118 and Neb. Rev. Stat. § 48-118.01 provide adequate basis for Liberty Mutual to join this action. Accordingly, Liberty Mutual may intervene as a matter of right because Liberty Mutual has Article III standing to participate in this litigation, and has satisfied the Rule 24(a) requirements.

### B.   Ernest-Spencer's Motion to Add Valmont as a Party Plaintiff

Ernest-Spencer requests the court require the plaintiff to file an amended pleading including Valmont as a party plaintiff. Ernest-Spencer filed a brief (Filing No. 17, Ex. 1 - Brief), a reply brief (Filing No. 24) and a supplemental reply brief (Filing No. 25, Ex. 1 - Supplemental Reply) in support of its motion to add Valmont. The plaintiffs filed a brief (Filing No. 23) and an affidavit (Filing No. 23, Ex. A - Massey Aff.) in opposition to Ernest-Spencer's motion.

Ernest-Spencer seeks to add Valmont pursuant Federal Rules of Civil Procedure 17(a), 19 and 21. **See** Filing No. 17 - Motion. Ernest-Spencer argues that pursuant to Neb. Rev. Stat. § 48-118, Valmont, as the employer of Garey Seger and having paid workers' compensation to Garey Seger, is required to be made party to the suit. *Id.* ¶ 17. Further, Ernest-Spencer contends adding Valmont is feasible and does not deprive the court of diversity jurisdiction. Finally, Ernest-Spencer contends it may be prejudiced because the failure to add Valmont may subject Ernest-Spencer to additional litigation.

The plaintiffs contend Valmont is not a necessary party or the real party in interest because Valmont has entered into an agreement with the plaintiffs relating to any subrogation interest Valmont may have had in this lawsuit. **See** Filing No. 23 - Brief at p. 3-4. The plaintiffs show they have made separate arrangements with Valmont to protect Valmont's interest and Valmont should not be forced to suffer the burdens of a lawsuit under the circumstances. *Id.* at p. 4-5. Valmont has elected not to join this action. **See** Filing No. Filing No. 23, Ex. A - Massey Aff. Further, the plaintiffs argue that either the employer or the employer's insurer may properly claim a subrogation interest for workers' compensation benefits under the statute.

8

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced. In a diversity action, state law determines the issue of who is a real party in interest." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). Here, the parties do not dispute Nebraska law provides the underlying substantive law in the case.

In connection with determining whether Valmont is a real party in interest, the court must determine if Valmont is a required party pursuant to Fed. R. Civ. P. 19(a). "Rule 19 states the principles that determine when persons or entities must be joined in a suit. The Rule instructs that nonjoinder even of a required person does not always result in dismissal." *Republic of Philippines v. Pimentel*, 128 S. Ct. 2180, 2188 (2008). "The general direction is whether 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.' The design of the Rule, then, indicates that the determination whether to proceed will turn upon factors that are case specific . . . . ." *Id.* (**quoting** Rule 19(b)). Specifically, the rule provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P 19(a)(1).

The parties dispute whether Valmont is a necessary party, or whether naming Valmont as a party is required pursuant to Nebraska's Workers' Compensation statutes. Specifically, Neb. Rev. Stat. § 48-118 provides:

9

> When a third person is liable to the employee or to the dependents for the injury or death of the employee, the employer shall be subrogated to the right of the employee or to the dependents against such third person. The recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents should have been entitled to recover.
>
> Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents and shall be treated as an advance payment by the employer on account of any future installments of compensation.
>
> Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person in his or her own name or in the name of the personal representative based upon such liability, ***but in such event an employer having paid or paying compensation to such employee or his or her dependents shall be made a party to the suit for the purpose of reimbursement, under the right of subrogation, of any compensation paid.***

Neb. Rev. Stat. § 48-118 (emphasis added).

The language of Neb. Rev. Stat. § 48-118 defines Valmont's subrogation interest such that Valmont is "subrogated to the right of the employee." Similarly, "[o]ne common definition [of subrogation] is 'the substitution of one for another as a creditor so that the new creditor succeeds to the former's rights in law and equity.'" ***Waller v. Hormel Foods Corp.*, 120 F.3d 138, (8th Cir. 1997)** (**citing** Webster's Third New International dictionary, Subrogation (unabridged ed. 1986)). The subrogation right in this case only exists as to the plaintiffs' claims related to Garey Seger's injuries. Under subrogation principles, Valmont stands in the shoes of Garey Seger and has no greater rights than he has. Accordingly, Valmont does not have a general right of recovery against Ernest-Spencer. Rather, Valmont has only the same rights as the plaintiffs to pursue claims for Garey Seger's injuries. Because the claims by the plaintiffs include any claim Valmont might

10

have, it is unclear what additional liability, if any, Ernest-Spencer would be subjected to if Valmont is not made a party to this suit.

Under the circumstances present here, it is clear Valmont has actual notice of these proceedings. **See** Filing No. 23 Attach. - Massey Affidavit ¶ 7. Further, it is clear Valmont has declined to participate voluntarily. *Id.* Under the law, an employer may file a notice of its subrogation lien, then still fail to join in the prosecution of the lawsuit. **See** *Austin v. Scharp*, 604 N.W.2d 807, 812 (Neb. 1999). Such conduct subjects the employer to particular detriment under the statute. *Id.*; **see** Neb. Rev. Stat. § 48-118.02. Similarly, any failure to join in the third-party claim or suit waives certain claims. *Id.*

Valmont's interest in this lawsuit is limited by its own actions. As noted above, "[a] subrogation interest is acquired by *paying* benefits to an injured employee. . . . Section 48-118 . . . provid[es] an employer or insurer with the means to recover at least a portion of its payout." *Burns*, 732 N.W.2d at 649 (emphasis in original). Therefore, Valmont has a subrogation interest only to the extent Valmont has a legal interest in recovering money it has paid out. The evidence before the court shows Valmont actually paid benefits to Garey Seger in the amount of $300,000. Additionally, Valmont wrote checks to Garey Seger for greater amounts. However, Valmont actually paid only the initial $300,000 by virtue of its agreement with Liberty Mutual. Accordingly, Valmont's subrogation interest would extend only to the initial $300,000.

Valmont waived its interest in participating in this lawsuit since Valmont entered into an agreement with Garey Seger. Under Nebraska law, an employer or its insurer may be hard pressed to waive the subrogation interest in future payments. **See** *Turner v. Metro Area Transit*, 368 N.W.2d 809, 811-12 (Neb. 1985). However, the employer may enter into a settlement related to benefits already paid. **See** *id.* Here, Valmont has expressly waived its interest in proceeding against Ernest-Spencer directly by entering into the agreement with Garey Seger described in Mr. Massey's affidavit.

Here, Valmont is not a required party to this suit pursuant to Fed. R. Civ. P. 19(a). Ernest-Spencer seeks no relief from Valmont and, in Valmont's absence, a judgment would afford complete relief to the remaining parties regarding Ernest-Spencer's liability. Next, while Valmont does have some interest in moneys paid to Garey Sever, Valmont and

Garey Seger have reached an agreement regarding Valmont's interest. Therefore, the failure to include Valmont in the suit will not impair or impede Valmont's financial interest in any recovery. Finally, Valmont was given notice of the third party suit filed by Garey Seger pursuant to Neb. Rev. Stat. § 48-118.01 and waived its right to participate in the suit. In doing so, Valmont also waived certain rights under the worker's compensation statutes. Neb. Rev. Stat. § 48-118.02. Valmont's absence in the suit will not subject any existing parties, particularly Ernest-Spencer, to double, multiple or inconsistent obligations.

The plain language of Neb. Rev. Stat. § 48-118 does not make Valmont a necessary party to the suit. The statute provides a vehicle for the addition of employers to suits filed by employee whereby employers are able to have a voice in the suit. Alternatively, the statute provides for an employer's waiver of rights after notice to participate in a lawsuit. Further, "[i]f an employer, after paying the amount of the statutory compensation, refuses or neglects to bring his action against the negligent third party, this does not deprive the injured person of his right of action against the wrongdoer." *O'Donnell v. Baker Ice Mach. Co.,* 205 N.W. 561, 563 (Neb. 1925). Accordingly, the court will not order the plaintiffs to file an amended complaint naming Valmont. Upon consideration,

**IT IS ORDERED:**

1. The Motion to Intervene filed by the Liberty Mutual (Filing No. 11) is granted. Liberty Mutual shall have until **August 29, 2008**, to file the Intervenor Complaint.

2. The defendant's Motion to Add Valmont Industries, Inc. as a Party Plaintiff (Filing No. 17) is denied.

3. The defendant's Motion for Leave to File Supplemental Reply to Plaintiffs' Opposition to Defendant's Motion to Add Valmont Industries (Filing No. 25) is granted. The reply brief was considered *instanter*.

DATED this 14th day of August, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge