IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAREY E. SEGER and TWILA SEGER, Husband and Wife, | ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV75 |
| v. | ) ) ) | |
| ERNEST-SPENCER METALS, INC., TANK CONNECTION, LLC, ROUNDTABLE ENGINEERING SOLUTIONS, LLC, KIRK WELDING SUPPLY, INC., and BURNS & MCDONNELL ENGINEERING COMPANY, INC., | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants, | ) ) | |
| and | ) ) | |
| LIBERTY MUTUAL INSURANCE, | ) ) | |
| Intervenor. | ) | |

This matter is before the court on a joint motion filed by Plaintiffs Garey E. Seger and Twila Seger, Defendant Ernest-Spencer Metals, Inc. ("ESM"), and Intervenor Liberty Mutual Insurance ("Liberty"), for (1) a protective order preventing the disclosure of the amount of a settlement; (2) an order directing investment of the settlement funds; and (3) an order dismissing defendant ESM with prejudice, Filing No. 187. Jurisdiction is based on diversity of citizenship. Plaintiffs assert claims based on strict liability in tort, negligence, and failure to warn. Defendant Burns & McDonnell Engineering Company, Inc. ("B&M") is opposed to the motion.

This is an action for damages for injuries sustained by plaintiff Garey Seger while working at Valmont Industries, Inc. ("Valmont"). Liberty is Valmont's workers'

compensation insurance carrier. The moving parties have entered into a Confidential Settlement Agreement and Release and have agreed to keep the amount of the settlement confidential. *See* Filing No. 188, Affidavit of Thomas Locher. Both Valmont and its insurer, Liberty, paid workers' compensation benefits to Garey Seger for the injuries that are the subject of this action and both have statutory rights to subrogation under Neb. Rev. Stat. § 48-118. *See* Filing No. 42, Memorandum and Order at 3. This court denied ESM's motion to add Valmont as a party plaintiff, finding that Valmont had expressly waived its interest in prosecuting a claim by entering into an agreement with plaintiff Garey Seger for reimbursement of the workers' compensation benefits it paid from any recovery in a third-party action. *Id.* at 3, 11.

Under Nebraska's comparative negligence statute, the share of obligation attributable to a released party may proportionately reduce the plaintiffs' recovery. Neb. Rev. Stat. § 25-21,185.11[1]; *Tadros v. City of Omaha*, 735 N.W.2d 377, 379-80 (Neb. 2007). The amount of a settlement would be relevant under the common law traditional rule that when a plaintiff settles with one of several jointly-and-severally-liable tort-feasors, recovery against remaining tort-feasors is reduced by the actual settlement amount, i.e.,

---

[1]That statute provides:

    (1) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides. The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.

    (2) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall preclude that person from being made a party or, if an action is pending, shall be a basis for that person's dismissal, but the person's negligence, if any, shall be considered in accordance with section 25-21,185.09.

Neb. Rev. Stat. § 25-21,185.11.

2

in a pro tanto reduction. *Tadros*, 735 N.W.2d at 379. However, in cases involving multiple defendants where contributory negligence is a defense, "the Legislature has abrogated common law regarding noneconomic damages against joint tort-feasors not acting in concert by limiting a plaintiff's recovery of noneconomic damages from any one tort-feasor to that tort-feasor's proportionate liability." *Id.* at 380. The actual dollar value of a settlement is not relevant to the determination of the percentage of negligence attributable to a defendant. *See id.* at 381 (noting that by reducing the claimant's claim against nonsettling joint tort-feasors by the pro rata, rather than the pro tanto, share of the settling tort-feasor's obligation, the contributory negligence statutory scheme "strikes a balance in the interests of encouraging settlement and fairness to all affected parties" in that while the injured party takes the risk of settling for too small an amount, the plaintiff could also benefit if the settlement exceeds the settling tortfeasor's proportionate liability); *see, e.g., Richter v. Slaughter*, — N.W.2d —, 2009 WL 97142, *3-*4 (Neb. Ct. App. 2009) (discussing propriety of disclosing amount of settlement with fewer than all defendants to a jury).

The court finds that the amount of the settlement between the moving parties is not relevant to the remaining issues between the other parties. An action may be dismissed by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(1)(b). A release, covenant not to sue, or similar agreement is the basis for a dismissal with prejudice. *See* Neb. Rev. Stat. § 25-21,185.11(2).

On review of the parties' positions, the court finds the joint motion should be granted. The settlement agreement will resolve all claims between the plaintiffs, defendant ESM and Liberty. Accordingly,

3

IT IS ORDERED:

1. The joint motion filed by Plaintiffs Garey E. Seger and Twila Seger, Defendant Ernest-Spencer Metals, Inc., and Intervenor Liberty Mutual Insurance for: (1) a protective order preventing the disclosure of the amount of a settlement; (2) an order directing investment of the settlement funds; and (3) an order dismissing defendant Ernest-Spencer Metals, Inc. with prejudice (Filing No. 187) is granted.

2. The Clerk of Court and the parties to the settlement agreement shall not disclose the amount of the settlement to other parties to this action or in any public filing.

3. The parties to the settlement agreement shall deposit the proceeds of the settlement, under seal, with the Clerk of Court;

4. Subject to the protective order set out above, the Clerk of Court is directed, to invest the settlement funds in accordance with Fed. R. Civ. P. 67 and 28 U.S.C. § 2041;

5. A separate order dismissing defendant Ernest-Spencer Metals, Inc. will be entered this date.

DATED this 6th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.