# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GAREY E. SEGER AND TWILA SEGER, Husband and Wife, | ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV75 |
| vs. | ) ) | ORDER |
| TANK CONNECTION, LLC, ROUNDTABLE ENGINEERING SOLUTIONS, LLC, KIRK WELDING SUPPLY, INC., and BURNS & MCDONNELL ENGINEERING COMPANY, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion of the plaintiffs, Garey and Twila Seger (the Segers), to strike the rebuttal expert disclosures of Tank Connection, LLC (Tank) (Filing No. 373). Tank had previously filed a notice of serving Rule 26(a)(2)(B) rebuttal expert disclosures of an expert witness, Kerry S. Lee. (Filing No. 368). The plaintiffs filed a brief (Filing No. 374) and an index of evidence (Filing No. 375) in support of the motion. The defendant, Tank, filed a brief (Filing No. 397) in opposition to the motion. The plaintiffs filed a brief (Filing No. 400) and an index of evidence (Filing No. 401) in reply.

## BACKGROUND

This case arises as a result of the plaintiff, Garey Seger (Mr. Seger), receiving extensive injuries while employed by Valmont Industries, Inc. (Valmont). According to the amended complaint, the case arises from a December 13, 2006, incident in which Mr. Seger sustained life threatening injuries while engaged in the galvanization of two allegedly defectively designed large steel I-beams. See Filing No. 49, ¶¶ 9-10. The I-beams are approximately 19 feet in length and together weigh approximately 22,000 pounds. **Id.** ¶ 10. The I-beams were manufactured, fabricated and welded together by Ernest-Spencer Metals (Ernest). **Id.**¶ 11. Tank, Roundtable Engineering Solutions (Roundtable), and

Burns & McDonnell Engineering Company, Inc. (Burns) provided the design and engineering specifications for the I-beams. **Id.** Kirk Welding (Kirk) was engaged to inspect the I-beams. **Id.** All defendants knew the I-beams were to be galvanized. **Id.** The process of galvanizing provides steel with protection from corrosion and involves the immersion of the steel product into a tank of molten zinc between 815° to 850° Fahrenheit. **Id.**¶ 13. Mr. Seger contends the I-beams failed to have proper and sufficient venting and/or were improperly welded or designed as to trap air and moisture and cause destructive pressures when subjected to the galvanizing temperature. **Id.** ¶ 15.

Mr. Seger was employed at Valmont's galvanizing facility as a paddle operator. **Id.** ¶ 16. His duties included working with a crane operator who would use a crane to lower the product to be galvanized into a tank of molten zinc. **Id.** As a paddle operator, Mr. Seger's job was to use a metal paddle to skim ash off the top of the zinc bath toward the end of the galvanization process so as to ensure the quality of the product. **Id.** ¶ 16. On December 13, 2006, after the I-beams had been lowered into the molten zinc kettle for the prescribed time, a wave of molten zinc unexpectedly erupted from the kettle and splashed onto Mr. Seger, causing severe and extensive injury to him. **Id.** ¶ 17. Despite his wearing personal protective equipment, Mr. Seger was badly burned by the molten zinc, causing third degree burns to at least 60% of his body, the amputation of his left foot, as well as part of his right foot, the loss of fingers on both hands, multiple strokes and a heart attack, along with pain suffering, disability, scarring, and embarrassment. **Id.** ¶ 18. Mr. Seger's wife, Twila, joins in the lawsuit for the loss of care, comfort, society and companionship of her husband due to his injuries. **Id.** ¶ 22. Mr. Seger alleges the defendants failed to use reasonable care to see that the I-beams were manufactured, designed, fabricated and welded in such a manner that they could be safely galvanized. **Id.** ¶ 27.

On April 14, 2010, Tank filed a notice with this court of serving Rule 26(a)(2)(B) rebuttal expert disclosures upon the plaintiffs and other defendants. **See** Filing No. 368. The notice disclosed Kerry S. Lee (Lee), M.B.A., P.E., as a rebuttal expert witness proffered by Tank. **Id.** On April 21, 2010, the plaintiffs filed the instant motion to strike the rebuttal expert disclosures of Tank. **See** Filing No. 373. In their motion, the plaintiffs argue Tank is not a plaintiff, counter-claimant or cross-claimant, and therefore is not entitled to

designate rebuttal experts; the rebuttal evidence Tank seeks to offer relates to the standard of care of an engineer and is duplicative of the primary witnesses Tank has designated to offer expert opinions; and the opinions of the designated rebuttal expert go beyond the issue of standard of care and address matters that should have been addressed by Tank's primary experts as part of its case in chief. **Id.**

First, the plaintiffs argue Tank should not be entitled to offer expert testimony to rebut the opinions of a co-defendant. **See** Filing No. 374 - Brief, p. 3. The court's Amended Progression Order of February 19, 2010 (Filing No. 314), provides for a "plaintiff, counter-claimant or cross-claimant" to disclose rebuttal experts. **Id.** Here, Tank's rebuttal expert is proffered to address the opinions of an expert offered by a co-defendant, Burns. **Id.** On Page 1 of his report, Lee states it was "prepared to respond to the opinions of Mr. Vadim Makarov" and to document his opinions regarding the standard of care of a structural engineer of record with regard to "specifying and/or reviewing welding and fabrication details for structural steel members subject to hot-dip galvanizing." **Id.** at 2-3. Burns designated Makarov as an expert witness. **Id.** at 3. Makarov's report provides that the industry standard states the engineer of record and the fabricator are to insure the product is ready for galvanizing. **Id.** As Burns and Tank are not adverse parties, the plaintiffs argue Tank is not entitled to put on a rebuttal case in response to the evidence offered by Burns, or any other defendant. **Id.** (citing *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 759 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.")).

Second, the plaintiffs argue Tank's rebuttal expert's report is duplicative of the opinions proffered by Tank's expert witnesses on the standard of care. **Id.** at 4. Lee's report indicates it is intended, in part, to "address the standard of care of an engineer of record as it relates to hot-dip galvanizing." **Id.** However, Tank has already designated two witnesses, Brian Lewis and Ryan Butler, to offer expert opinions on the standard of care at issue. **Id.** Therefore, the plaintiffs argue the expert testimony Tank seeks to offer through Lee's report is duplicative of the testimony of its primary expert witnesses and is improperly being designated through the vehicle of a rebuttal disclosure.

Third, the plaintiffs argue Lee's testimony goes far beyond that which is necessary to rebut the opinions of Makarov. **Id.** at 5. According to the plaintiffs, Lee's report addresses the conduct of other defendants in failing to follow applicable industry standards, the interpretation of the weld specified by Tank and Roundtable, and causation. **Id.** Although the purpose of rebuttal evidence is to counter new evidence brought out in an opponent's case, the plaintiffs claim Lee's report addresses matters raised in the expert reports submitted by the plaintiffs and appears to be an improper effort to designate expert opinions which should have been designated in Tank's original expert disclosures. **Id.** Finally, the plaintiffs request the right to depose Lee in the event that their motion to strike is denied, although the discovery deadline has since passed. **Id.**

In opposition to the plaintiffs' motion to strike, Tank notes that although Burns is not an adverse party by way of cross-claims in the current lawsuit, there is an ongoing dispute between Tank and Burns relating to an indemnification provision in the subcontractor agreement between the parties. Filing No. 397 - Brief, p. 1-3. Burns has demanded Tank, and/or its insurer, defend and indemnify Burns in this dispute. **Id.** at 3. To date, the dispute between Burns and Tank remains ongoing. **Id.** Tank argues Burns is clearly an adverse party or opponent in this matter, and therefore Tank should be afforded the opportunity to refute the expert witness testimony offered by Burns as Burns maintains an ongoing interest in assessing liability against Tank. **Id.** at 11-12. Tank concedes that the adversity between Tank and Burns exists to the extent Makarov would testify at trial in a manner that implicates Tank or Roundtable. **Id.** at 12. If Burns should withdraw Makarov, or not have him testify at trial, Tank concedes the law related to rebuttal testimony would preclude the testimony of Lee.

Next, Tank argues they are within the deadline to serve rebuttal expert reports. **Id.** As noted above, the court filed an Amended Progression Order on February 19, 2010. **See** Filing No. 314. The order provides, in relevant part, that disclosure of rebuttal expert witnesses to "refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant" may be done not later than March 31, 2010, provided the disclosing party makes the expert witness available for deposition. **Id.** at 2. According to counsel for Tank, on March 18, 2010, counsel for the plaintiffs requested a two week

extension of the deadlines for filing rebuttal expert witnesses, as well as for filing **Daubert** motions, and for filing motions for summary judgment and for completing depositions. **Id.** at 4. Emails and other negotiations ensued between the parties and, according to counsel for Tank, no restrictions were placed on which party could serve the rebuttal expert reports in the proposed joint motion and order. **Id.** at 5. The joint motion to extend deadlines (Filing No. 352) and related order (Filing No. 355), however, only extended the disclosure deadline for plaintiffs' rebuttal expert witnesses. Counsel for Tank makes clear in his brief that it was his understanding the negotiated extension of deadlines was to apply to *all* parties, and was not merely an extension of time for filing plaintiffs' rebuttal experts. **Id.** at 4-6. Therefore, "In reliance on this agreement, counsel for Tank informed its proposed rebuttal expert witness, Kerry. S. Lee, that his report would not need to be served until April 14, 2010." **Id.** at p. 4.

As to the plaintiffs' claim that Tank is attempting to offer another expert's opinion which should have been previously disclosed, Tank responds it did not even know of the existence of Makarov - and his opinions - prior to the expert disclosure deadline on January 29, 2010. **Id.** at 6. Further, Makarov's opinions could not be clarified until his deposition on March 24, 2010. **Id.** According to Tank, Makarov's opinions lack clarity and improperly infer that Tank and/or Roundtable maintained some duty to ensure not only proper design of the I-beam, but also to inject themselves into the methods of Tank's fabricator, Ernest, to make sure the I-beam was ready for galvanizing. **Id.** at 7. Tank notes, prior to Burns disclosing Makarov, no party, including the plaintiffs, disclosed any expert witness that opined Tank and/or Roundtable maintained any liability in the case other than for improper design. **Id.** at 7. Additionally, Tank argues Lee's report must address specific arguments presented in the case, in order to fully refute Makarov's opinions. **Id.** at 9. Tank argues Lee's conclusions arise directly from Makarov's opinions and therefore his testimony should not be stricken simply because the conclusions necessarily address other issues in the case. **Id.** Finally, Tank argues Makarov's testimony will be favorable to the plaintiffs, which is why they are attempting to dispute the rebuttal expert designation of Tank. **Id.** at 13.

The plaintiffs reasserted their original objections to Lee's testimony by way of a reply brief. Filing No. 400. Again, they argue since Tank has asserted no claims, it is not entitled to put on a rebuttal case. **Id.** at 1-2. While Burns may have a contractual indemnity claim against Tank, such has not been asserted in any of the pleadings filed in the case, and is not, according to plaintiffs, at issue in this case. **Id.** at 1. Therefore, according to ***Marmo***, the plaintiffs argue Tank is not an adverse party to Burns and it is not proper to allow Tank to submit rebuttal evidence in response to the expert opinions presented by Burns. **Id.** at 2. Second, the plaintiffs argue the joint motion to extend deadlines only served to extend the deadlines in the Amended Progression Order. **Id.** The progression order allowed only a "plaintiff, counter-claimant, or cross-claimant" to disclose additional experts. **Id.** Finally, the plaintiffs argue that Makarov's opinions are duplicative of the opinions offered by plaintiffs' experts regarding industry standards and disclosed in their reports in August, 2009. **Id.** at 3-4. As Tank has had knowledge of this subject matter since August, 2009, the plaintiffs argue Tank should have voiced its objections at that time. **Id.** at 4-5.

## ANALYSIS

Under Federal Rule of Civil Procedure 26(a)(2)(C), absent a stipulation or court order, a party must make expert testimony disclosures at least 90 days before the date set for trial, or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) [written reports], within 30 days after the other party's disclosure." This court's Final Amended Progression Order stated:

> If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than March 31, 2010, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) **and** makes the expert witness available for deposition prior to the date set for completion of deposition.

**See** Filing No. 314 ¶ 3. The parties joint motion for extension of the current case progression deadline states,

> All parties jointly move the Court, pursuant to NE Civ. R. 7.1(a), for an extension to the current case progression deadlines for disclosure of plaintiffs' rebuttal expert witnesses, completion of depositions, motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702 ("*Daubert* motions"), and motions for summary judgment. The parties request that the deadline for disclosure of plaintiffs' rebuttal expert witnesses be extended until April 14, 2010, the deadline for completion of depositions be extended until April 30, 2010, the deadline for *Daubert* motions be extended until May 14, 2010, and that the deadline for motions for summary judgment be extended until May 14, 2010.
>
> . . . .
>
> 2.   . . . [T]he current deadline for disclosure of plaintiffs' rebuttal expert witnesses is March 31, 2010.

Filing No. 352.  The court granted this motion by Order dated April 1, 2010.  Filing No. 355. The order stated, in relevant part, "The deadline for disclosure of plaintiffs' rebuttal expert witnesses is extended until April 14, 2010." **Id.**¶ 1.  All other deadlines were extended as requested without limitation to any party.

The court finds in favor of the defendant, Tank, and denies the plaintiffs' motion to strike.  The court agrees Tank could not have known of the need for a rebuttal expert until after it conducted a deposition of Makarov in March, and Tank filed its rebuttal expert disclosure within the thirty days proscribed by Fed. R. Civ. P. 26(a)(2)(C).   While the motion to extend deadlines did reference only the plaintiffs' deadline to disclose expert rebuttal witnesses, it is the court's opinion the deadline was meant to be extended for all of the parties.  The court relies on the fact the motion to extend was filed jointly among the parties, there was confusion among the parties about who the extension would apply to, and each of the additional deadlines were extended without reference to which party the extension should apply.  Therefore, the greater weight of the equities favors the extension of the rebuttal expert disclosure deadline for all parties, making Lee's report timely. Additionally, the court determines for purposes of expert disclosure under the circumstances Tank and Burns qualify as adverse parties.  Further issues regarding the substance of Lee's report may be addressed at the pre-trial conference, or at trial, as necessary.  Upon consideration,

**IT IS ORDERED:**

1. The Plaintiffs' motion to strike (Filing No. 373) is denied.

2. The parties shall have to **on or before June 18, 2010**, to find a mutually agreeable time to depose Lee.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 1st day of June, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.